UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-413-CKK |
| | : | |
| DOMINIC BOX, | : | |
| | : | |
| Defendant. | : | |

UNOPPOSED MOTION TO FOR STATUS CONFERENCE AND
FOR EXCLUSION UNDER THE SPEEDY TRIAL ACT

The United States of America respectfully moves this Court to schedule a status conference and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), from the date this Court enters an Order on this motion through and including the date of the next hearing. As noted in communications with the Court, the parties are considering and close to a final pre-trial resolution of this matter, and would like to provide the Court with a status update as soon as the Court is amenable. The government conferred with defense counsel, who does not object to this motion.

BACKGROUND

On June 8, 2023, the Court scheduled a status conference in this matter for today, August 18, 2023, and excluded time under the Speedy Trial Act from June 8, 2023 until August 18, 2023. On August 9, 2023, due to various pre-trial violations, the status conference was converted to a revocation hearing. Based on additional violations, the defendant was then detained in Florida and unable to appear for the August 18, 2023 revocation hearing. The Court,

1

therefore, continued today's revocation hearing "until a future date[.]" However, because time under the Speedy Trial Act was excluded only through today, August 18, 2023, the clock will begin to run again starting tomorrow, absent a ruling from this Court.

## ARGUMENT

Because today's hearing was continued until a future date, the parties now respectfully request the Court re-set a status conference, and request that time be excluded under the Speedy Trial Act as follows: Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude: Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). In particular, the parties are very close to a pre-trial resolution of this matter, but require a small amount of additional time to continue reviewing discovery and engaging in plea negotiations, interests that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant the motion to set a status conference date, and, from the date this Court enters an Order on this motion through and including the date of the next hearing, that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends

of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:    */s/ Samantha R. Miller*
        SAMANTHA R. MILLER
        Assistant United States Attorney
        New York Bar No. 5342175
        United States Attorney's Office
        For the District of Columbia
        601 D Street, NW 20530
        Samantha.Miller@usdoj.gov