## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-CR-413-CKK** |
| | : | |
| **DOMINIC BOX,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S UNOPPOSED MOTION TO DETAIN THE DEFENDANT WITHOUT BOND, TO RESCHDULE THE DECEMBER 1 CHANGE OF PLEA HEARING, AND TO EXCLUDE ADDITIONAL TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and with the Defendant's consent, moves to detain the Defendant without bond, to reschedule the currently scheduled December 1, 2023 change of plea hearing, and to exclude additional time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the Defendant's in a speedy trial, from the date this Court enters an Order on this motion through and including the date of the next hearing.

## BACKGROUND

On June 8, 2023, the Court scheduled a status conference in this matter for August 18, 2023 and excluded time under the Speedy Trial Act through that date.  On August 9, 2023, due to various pre-trial violations, the status conference was converted to a revocation hearing.  Based on two driving under the influence charges in Florida, the Defendant was then detained there and unable to appear for his August 18, 2023 revocation hearing in D.C..  The Court, therefore, continued the revocation hearing to October 20, 2023, and converted that hearing to a change of

1

plea hearing upon the parties' representations that a plea deal had been reached.   Although the government filed a writ to have the Defendant transported from Florida to D.C. in time for the October 20, 2023 hearing, he did not arrive in D.C. in time for the hearing.   Therefore, the Court again continued the matter to December 1, 2023, and ordered the United States Marshals to ensure the Defendant would be in D.C. by that date.

However, on November 30, 2023, defense counsel contacted the Court to notify it that the Defendant was not prepared to go forward with his plea hearing on December 1, 2023 because he had not had sufficient time to confer with his attorney prior to that date.   Therefore, the parties wish to reschedule the change of plea hearing, ideally for December 12 or 13, or before 1pm on December 14, 2023, if the Court is available.

**ARGUMENT**

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is . . . clear and convincing evidence that the person has violated any other condition of release . . . [and that] the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

The Defendant's repeated noncompliance with his pre-trial conditions, including his noncompliance with the condition that he "must not violate federal, state, or local law while on release commit any state or federal crimes" (ECF 14 at 1), demonstrates that detention and bond revocation is warranted because the Defendant is unlikely to abide by any condition or combination of conditions of release.   This is especially so given the Defendant's two Florida

2

crimes were for driving under the influence, crimes that imperil not only the Defendant's life, but the lives of others.  The government thus believes that the Defendant poses a danger and has shown that he cannot abide by conditions of release, which the Court already acknowledged when it converted the August 2023 status conference to a revocation hearing.

Separately, defense counsel has represented that the Defendant does not feel ready to move forward with the change of plea hearing as scheduled, given he has been largely unable to meet with this attorney for the last few months until yesterday, November 30, 2023.  Now that the Defendant is in D.C., the parties are hopeful that the Defendant will be able to more readily meet with his attorney, and he will be ready to move forward with his change of plea hearing on December 12 or 13, or before 1pm on December 14, 2023, if the Court is available.  If the Court is not available on those dates, the Defendant has represented that he consents to continuing the change of plea hearing into January 2024, and excluding time up and through the revised date.

Finally, here, exclusion of time under the Speedy Trial Act is appropriate under Section 3161(h)(7)(A) and (B)(i) because a brief continuance is necessary to ensure the Defendant is ready, willing, and able to intelligently enter a guilty plea before this Court, which, in turn, avoids any miscarriage of justice.

Therefore, the Government requests exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* from the date of an order on this Motion through and including the date of the next hearing.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant this Motion, detain the Defendant without bond, re-set the change of plea hearing for December 12 or

13, or before 1pm on December 14, 2023, if the Court is available, and exclude time under the Speedy Trial Act through the revised change of plea hearing date.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:    */s/ Samantha R. Miller*
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

4