UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-413-CKK |
| | : | |
| DOMINIC BOX, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE
TO COURT'S DECEMBER 11, 2023 MINUTE ORDER REGARDING THE
CURRENTLY SCHEDULED JANUARY 19, 2024 CHANGE OF PLEA HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to the Court's December 11, 2023 Minute Order, which ordered the "parties to file a notice by January 15, 2024 with an update as to whether the hearing will in fact proceed as a plea hearing." The government responds as follows:

On Friday, January 12, 2024, the government spoke by telephone to defense counsel regarding the Defendant's currently scheduled January 19, 2024 change of plea hearing. Attorney Machado expressed concerns regarding whether the Defendant still wished to enter the plea agreement he signed on August 2, 2023, wherein he admitted to violating 18 U.S.C. § 1512(c)(2). Attorney Machado stated those concerns stemmed from the Supreme Court's grant of *certiorari* in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023) (No. 23-5572).[1] Attorney Machado then stated he planned to meet with his client on Sunday,

---

[1] As the government noted to defense counsel on that call, (a) the *Fischer* appeal has been pending since before the Defendant signed the plea documents, and (b) a number of judges in this District have forged ahead with Section 1512(c)(2) trials, despite that the Supreme Court agreed to hear *Fischer. See, e.g., United States v. Carnell et al.*, Case No. 23-cr-00139 (BAH), ECF 75 (denying defendants' motion to stay February 12, 2024 trial pending Supreme Court's resolution of *Fischer*).

1

January 14, 2024 to discuss the Defendant's options with him. He stated he would provide an update to the government after that meeting.

---

For example, Judge Howell recently held as follows:

> Defendants face a significant challenge in seeking a stay of this criminal case, which stems from alleged offense conduct that occurred three years ago, with defendants charged more than eight months ago, *see* Indictment, a trial date set nearly five months ago, *see* Minute Entry (Aug. 11, 2023), and the trial scheduled to begin in less than six weeks, on February 12, 2024. The federal obstruction statute, 18 U.S.C. § 1512(c)(2), now pending review before the Supreme Court, has been subject to appellate review before the D.C. Circuit since June 27, 2022, *see* Notice of Appeal, *United States v. Fischer*, No. 22-3038 (D.C. Cir. June 27, 2022), through October 20, 2023, *see United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023). That is nearly 16 months. As the Supreme Court has noted, "It takes time to decide a case on appeal. Sometimes a little; sometimes a lot," and appellate review of the federal obstruction statute has already taken "a lot" of time. During that nearly 16-month period, not one of the 98 cases resulting in a conviction under 18 U.S.C. § 1512(c)(2) and resolved as of December 18, 2023, has been brought to this Court's attention as having been stayed pending the D.C. Circuit's consideration of the statute. If those cases had been stalled awaiting action by the D.C. Circuit, a backlog of criminal cases would have been automatically created upon the issuance of rulings in *Fischer* and *Robertson*, upholding application of this federal obstruction statute to offense conduct at the U.S. Capitol on January 6, 2021, with obvious potential concomitant adverse effects on the congestion of all criminal cases on the dockets of every Judge on this Court. Having avoided such a backlog during the D.C. Circuit's consideration of Section 1512(c)(2), defendants' motion, if granted, may now create one.
> . . .
> [Further,] defendants fail to demonstrate that they are likely to succeed on the merits of any challenge to the government's interpretation of Section 1512(c)(2). The D.C. Circuit has now *twice* had the opportunity to consider application of the federal obstruction statute to the offense conduct charged in this case, and both times upheld such application.

*Id.* at 3-4 (certain citations omitted); *see also United States v. Irwin et al.*, Case No. 21-cr-(RDM) (orally denying defendants' motion to stay January 22, 2024 trial during January 3, 2024 status conference).

Today, the government attempted to reach Attorney Machado, but was unsuccessful. Therefore, unfortunately, the government still is unsure whether the January 19, 2024 change of plea will, in fact, proceed.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: /s/ Samantha R. Miller
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov