# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIM NO. 22-CR-413 |
| DOMINIC BOX, | ) |
| | ) Judge: Kollar-Kotelly |
| | ) |
| Defendant. | ) |

### DEFENDANT DOMINIC BOX RESPONSE TO COURT'S DECEMBER 11, 2023 MINUTE ORDER REGARDING THE CURRENTLY SCHEDULED JANUARY 19, 2024 CHANGE OF PLEA HEARING

COMES NOW Dominic Box, through undersigned counsel, and responds to this Honorable Court's December 11, 2023, Minute Order requesting whether the January 15, 2024, plea hearing will occur, stating as follows:

1. Defendant is charged with four misdemeanor counts: 18 U.S.C. § 1752(a)(1) and (2), and 40 U.S.C. §5104(e)(2)(D) and (G).

2. In October of 2023, Defendant Dominic Box signed a plea agreement to the one and only plea offer provided by the government. The plea offer required Mr. Box to waive indictment and plead guilty to a criminal information which requires Mr. Box to plead guilty to one count of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2).

3. Since the signing of the plea agreement, the United Supreme Court has

1

granted a writ of certiorari in the case of United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, (U.S. Dec. 13, 2023) (No. 23-5572). The Fischer case has a direct bearing on the charge in which Mr. Box will be pleading guilty.

    4. Pursuant to the terms of the plea agreement, Mr. Box is required to agree "to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s)." Dominic Box October 18, 2023, Plea Agreement Letter at 7. Therefore, as it stands, Mr. Box' entry into a plea agreement will necessarily prevent Mr. Box from being able to challenge his plea should the application of the statute be determined to be unconstitutional by the United States Supreme Court.

    5. Accordingly, the defense has suggested alternative resolutions to the current dilemma, including options such as: 1) striking the above-referenced language from the plea agreement; 2) staying the plea proceeding until such time as the matter until the U.S. Supreme Court has ruled upon the matter; 3) pleading to the current information; or 4) pleading to an alternate statute that does not involve the statute involved in the *Fischer* matter. As part of its proposal, particularly while awaiting the ruling of the U.S. Supreme Court, the defense indicated it would not ask

2

for Mr. Box's bond status to be altered. As of this time, the government has indicated it does not wish to accept any of the defense's counterproposals.[1]

6. Therefore, Mr. Box, after consulting with counsel, has determined that it does not wish to proceed with the plea at this time in its current status. Mr. Box is still ready and willing to enter his plea should the government and defense be able to reach a different plea agreement which would either avoid or resolve the concerns of the defense.

7. Mr. Box is making this decision knowingly and intelligently and has been made aware that the government may proceed to indict Mr. Box on this charge and/or greater charges. He is also aware that a better and/or even another plea offer may not be provided by the government at a later time. If the court wishes to have such a colloquy with Mr. Box concerning this decision, the defense is ready to proceed in that fashion.

8. Accordingly, Mr. Box respectfully requests that, at this time, given the current circumstances, the plea hearing be vacated with the understanding that Mr. Box is inclined to enter a plea at a later time should the impasse between the parties be resolved.

---

[1] Unlike the cases referenced by the government in its response, this matter has not been set for trial. Accordingly, the only prejudice that would occur by delaying this matter will be Mr. Box' speedy trial rights, which he is willing to waive as needed.

Respectfully submitted,

DOMINIC BOX
By Counsel

/s/ John L. Machado
John L. Machado, Esq.
Bar. No. 449961
Counsel for Dominic Box
503 D Street, N.W., Suite 310
Washington, DC 20001
Phone: (703) 989-0840
E-mail: johnlmachado@gmail.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 16th day of January, 2024, which will send a notification of such filing (NEF) to the following to all counsel of record.

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Dominic Box
Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com