**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:22-cr-00413-CKK-1** |
| | **:** | |
| | **:** | |
| **DOMINIC BOX,** | **:** | |
| | **:** | |
| *Defendant.* | **:** | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION**
**FOR LEAVE TO FILE SURREPLY IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Dominic Box, by and through undersigned counsel, opposes the government's Motion for Leave to File Surreply in Opposition to Defendant's Motion to Dismiss, *see* ECF No. 79.

The government's motion to file a surreply is procedurally misplaced. To permit it leave to file the proposed surreply, the Court must find that the government was "*unable* to contest matters presented to the [C]ourt *for the first time*" in Mr. Box's Reply. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (citing *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C. 2001); *cf. Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998)) (emphasis added). The Court cannot make such a finding because the government's proposed surreply *exclusively* responds to arguments first made in Mr. Box's Motion to Dismiss.

Perhaps aware of that rule, the government's filing tries to justify why the Court should view its Opposition as having already raised certain arguments in response to the Motion to Dismiss. *See Rumsfeld*, 154 F.Supp.2d at 61 (denying the plaintiff's motion for leave to file a surreply because it failed to address any new matters presented by the defendants' reply); *Glass v. Lahood*, 768 F. Supp. 2d 189 (D.D.C. 2011), *aff'd*, 11-5144, 2011 WL 6759550 (D.C. Cir. Dec. 8, 2011) ("Surreplies are generally disfavored, and are especially so where the proponent cites

'amplification' of an issue already addressed as a justification. In an exercise of the Court's discretion, the motion shall be denied."); *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) ("[T]he arguments raised by the SSA in its reply are in response to 'the facts and relevant law raised by [him] in his opposition.' [In other words,] the arguments in the SSA's reply fall within the scope of the matters he raised in opposition. Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate. To the extent the arguments made by the SSA in its reply 'mischaracterize and/or misconstrue' Crummey's factual and legal arguments, the Court is more than capable of ascertaining the merits of the parties' respective positions on its own."); *Anand v. U.S. Dep't of Health & Hum. Servs.*, No. CV 21-1635 (CKK), 2022 WL 18911137, at *2 (D.D.C. Nov. 15, 2022) ("[A surreply is not warranted where] [t]he remainder of Plaintiffs' Motion restates arguments raised in Plaintiffs' Response and Opposition to Defendants' Motion for Summary Judgment.").

*Failing* to respond to an argument, which is the fatal flaw here, is different than being *unable* to respond to an argument. To ensure the parties understood the types of issues that would be raised, we provided the government drafts of Mr. Box's Motion to Dismiss for weeks leading up to its filing. Those drafts included most, if not all, of the arguments in Mr. Box's filed Motion to Dismiss.[1] With this context, it is plain that the government had every chance to file a comprehensive response and still failed to do so.

And, even if, as the government claims, it already responded to these arguments in its initial Opposition, any further argument made on these issues in a surreply is inappropriate. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d. at 113. ("Even assuming *arguendo* that the court would

---

[1] Mr. Box will provide these drafts to the Court should it wish to see them before making a determination.

consider the pleading despite the plaintiff's failure to file a motion for leave to file a surreply, the court would strike the proposed surreply [because] [t]he plaintiff's proposed surreply consists of a reiteration of arguments made in her original response to the defendant's motion for summary judgment."); *see Stafford v. George Washington Univ.*, 578 F. Supp. 3d 25, 42 (D.D.C.), *rev'd and remanded*, 56 F.4th 50 (D.C. Cir. 2022), *cert. dismissed*, 143 S. Ct. 2521, 216 L. Ed. 2d 470 (2023) ("The materials included in this proposed filing—and in particular any effort to 'correct the record'[]—do not satisfy the standard for when such a supplemental response is warranted."); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying a motion to file a surreply where the filing did not involve a new matter and instead involved an alleged mischaracterization of the requesting party's argument); *Shea v. Clinton*, No. CV 02-577 (RCL), 2012 WL 13075787, at *3 (D.D.C. Dec. 7, 2012) ("If surreplies were warranted whenever an opposing party thinks there are mistakes in a Reply, then surreplies would be the norm. The 'prejudice' that comes from not having the 'last word' is not the kind of prejudice relevant when considering whether to grant leave to file a surreply."). However one looks at it, the government does not have a viable legal basis to submit its proposed surreply.

Mr. Box also takes this opportunity to address additional issues with the government's representations in its June 4, 2024 filing.

The government misstated defense's issue with the government's request to file a surreply. Mr. Box did not take issue with the proposed four-page surreply because of the length. Instead, we objected to the proposed surreply because the government is trying to engage in a transparent ploy to obtain a do-over, as is demonstrated by the proposed surreply's title/name specifically relating to Mr. Box's Motion to Dismiss instead of his Reply. It is evident that, upon reading the Reply,

the government realized it had not responded to substantive issues of consequence raised in his

opening brief. So now the government is scrambling tardily.

Finally, the government quibbles because Mr. Box filed his Reply later on Saturday, the

day which his Reply was due. Amazingly, it does not disclose that undersigned counsel emailed

the government that morning to request more time to file the Reply that same day. The government,

in fact, never responded to that email and could not have been prejudiced by a brief delay on

Memorial Day weekend.

The government's nitpicking over the length of Mr. Box's filings is also uncalled for. The

Court granted his request to exceed the page limit before he filed his Motion to Dismiss. Similarly,

for his Reply, Mr. Box timely filed a Motion to File Excess Pages. His Reply went *one* page over

the page limit with its inclusion of exhibits because defense counsel sized up images in the exhibits

to ensure they were readable.

Should the Court grant the government's Motion, Mr. Box would ask that the Court allow

him to respond to the arguments advanced in the proposed surreply in a short filing.

To put it simply, the government fails by all measures to meet the standard required for

permission to file a surreply. It also makes frivolous claims in its proposed surreply. The Court

should deny the government's request and otherwise strike the pleading as unauthorized.

Respectfully submitted,

_____/s/_____
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(228) 424-0609
acollins@kalbianhagerty.com
amy@amyccollinslaw.com
*Counsel for Dominic Box*

4

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of June 2024, I caused a true and correct copy

of the foregoing Motion to be delivered via CM/ECF to all parties.


_____/s/_____
Amy C. Collins