**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

DOMINIC X. BOX,

Defendant.

Criminal Action No. 22-413 (CKK)

**MEMORANDUM OPINION**
(June 14, 2024)

For his actions as part of the insurrection on January 6, 2024, Dominic Box was charged by [63] Indictment with the following: Count One, Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2; Count Two, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Count Three, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Count Four, Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Count Five, Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Count Six, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Count Seven, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

A stipulated trial is set in this case for June 17, 2024. Defendant filed the now-pending [75] Motion to Dismiss Count One, which allows Defendant to preserve particular appellate issues as for that charge. Defendant moves to dismiss Count One on numerous grounds, which can be grouped into four categories: first, that Count One fails to state an offense; second, that it is unconstitutionally vague; third, that it is unconstitutionally overbroad; and fourth, that the statute requires essential elements that are missing from the Indictment. Upon consideration of the

pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will **DENY** Defendant's [75] Motion to Dismiss.

## I. BACKGROUND

According to Count One of the Indictment,

> On or about January 6, 2021, within the District of Columbia and elsewhere, DOMINIC BOX attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

Indictment at 1–2. This Count charges Defendant Box with violating Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2. Section 1512(c)(2) states that

> (c) Whoever corruptly–
> (2) [] obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c)(2).

## II. LEGAL STANDARD

A defendant may move to dismiss an indictment on the grounds that the indictment is defective in that it lacks specificity or fails to state an offense. *See* Fed. R. Crim. P. 12(b)(3). In considering a motion to dismiss, the court must accept the allegations in the indictment as true. *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015).

### A. Failure to State an Offense

---

1 The Court's consideration has focused on the following documents:

- Indictment, ECF No. 63;
- Defendant's Motion to Dismiss Count One ("Def.'s Mot."), ECF No. 75;
- Government's Response to Defendant's Motion to Dismiss ("Gov.'s Opp'n"), ECF No. 76;
- Defendant's Reply in Support of Motion to Dismiss ("Def.'s Reply"), ECF No. 77-2.

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a criminal defendant may, before trial, move to dismiss a count of the indictment based on a "defect in the indictment," which includes "failure to state an offense." Fed. R. Crim. P. 12(b)(3). "Failure to state an offense" may be due to a question of statutory interpretation or a constitutional issue. *See United States v. Stone*, 394 F. Supp. 3d 1, 8 (D.D.C. 2019) (ABJ). When considering a challenge to the indictment, "a district court is limited to reviewing the face of the indictment;" the Court must "presume the allegations [in the] indictment to be true." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (RBW) (internal quotation marks removed). "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012) (BAH).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) ("[T]o be sufficient, an indictment need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense."). "[A] pretrial motion to dismiss an indictment allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) (BAH) (internal citation and quotation marks omitted). Dismissal may be granted "only in unusual circumstances" since it "directly encroaches upon the fundamental role of the grand jury." *United States v. Stone*, 394 F. Supp. 3d 1, 13 (D.D.C. 2019) (ABJ) (internal citation and quotation marks omitted).

**B. Lack of Specificity**

A criminal defendant may file a motion to dismiss an indictment against him for lack of specificity. *See* Fed. R. Crim. P. 12(b)(3)(B)(iii). The indictment must set forth only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Martinez*, 764 F. Supp. 2d 166, 170 (D.D.C. 2011) (RCL). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *see also United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976) ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established.").

**III. DISCUSSION**

Defendant Box moves to dismiss Count One on numerous grounds, which can be grouped into four categories: first, that Count One fails to state an offense; second, that it is unconstitutionally vague; third, that it is unconstitutionally overbroad; and fourth, that the statute requires essential elements that are missing from the Indictment. The Court will address these arguments in turn.

**A. Count One Fails to State an Offense**

Defendant argues that Count One fails to state an offense for various reasons related to the language of 1512(c)(2).

### 1. Obstruction Statute Does Not Reach Defendant's Actions by Using Vague Term "Otherwise"

Defendant first contends that "Congress did not bury a broad obstruction prohibition that reaches First Amendment Protected Demonstrations in Section 1512(c)(2) by using a vague term such as 'otherwise.'" Def.'s Mot. at 10; *see also id.* at 15. He contends that Defendant Box's actions are not prohibited by this obstruction statute, as the catch-all provision that reaches conduct that "otherwise" obstructs, impedes, or influences an official proceeding is not clear and definite as to whether it would cover such conduct, and the word "otherwise" does not give it such an expansive reach. *See id.* at 15.

However, the United States Court of Appeals for the District of Columbia Circuit rejected this interpretation in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). That court held that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including… efforts to stop Congress from certifying the results of the 2020 presidential election." *Fischer*, 64 F.4th at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (concluding that this "broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

The D.C. Circuit affirmed its broad reading of Section 1512(c)(2) in *United States v. Brock*, 94 F.4th 39 (D.C. Cir. Mar. 1, 2024), explaining that "[u]nder *Fischer*… Section 1512(c)(2) serves as a 'catch-all' provision 'that covers otherwise obstructive behavior that might not constitute a more specific offense involving documents, records, or objects under [Section] 1512(c)(1).'" *Id.* at 47 (quoting *Fischer*, 64 F.4th at 337).

In light of the D.C. Circuit's conclusions, the Court rejects Defendant's arguments that 1512(c)(2) does not apply. Numerous other courts, including this Court, have done the same since the *Fischer* decision. *See, e.g.*, *United States v. Spencer*, No. 21-CR-147-1 (CKK), 2023 WL 6795858, at *3 (D.D.C. Oct. 13, 2023); *United States v. Caldwell*, 581 F. Supp. 3d 1, 20–23 (D.D.C. 2021) (APM); *United States v. Bennett*, No. 21-312 (JEB), 2023 WL 6460026, at *3 (D.D.C. Oct. 4, 2023) (stating that "*Fischer* forecloses such a position"); *United States v. Connell*, No. 21-0084 (PLF), 2023 WL 4314903, at *4 (D.D.C. July 3, 2023); *United States v. Mock*, No. 21-444 (JEB), 2023 WL 3844604, at *3 (D.D.C. June 6, 2023) (Defendant acknowledges that "in light of the D.C. Circuit's binding decision in [*Fischer*], this ground is not tenable"); *United States v. Warnagiris*, No. 21-382 (PLF), 2024 WL 1328510, at *1 (D.D.C. Mar. 28, 2024).

**2. "Official Proceeding"**

Defendant next argues that "[t]he Indictment fails to allege an 'official proceeding' that qualifies under Section 1512(c) and further fails to allege that the 'official proceeding' related to the administration of justice." Def.'s Mot. at 7.

As above, binding precedent from the D.C. Circuit forecloses Defendant's argument. In *Fischer*, the court expressly stated that "[t]he statutory definition of 'official proceeding' under § 1512(c)(2)… includes a 'proceeding before the Congress'" such as the certification of the electoral college vote. *Fischer*, 64 F.4th at 342–43. The Court also notes that *this* Court has found the same, prior to the *Fischer* decision. *See United States v. Grider*, 585 F. Supp. 3d 21, 28–29 (D.D.C. 2022) (CKK) ("the Joint Session of Congress to certify the Electoral College is unambiguously an 'official proceeding' within the meaning of 1512(c)(2)").

Accordingly, the Court rejects Defendant's definition of the term "official proceeding" in Section 1512(c)(2), just as other courts, including this one, have done since *Fischer*. *See, e.g.*,

*Spencer*, 2023 WL 6795858, at *4; *Connell*, 2023 WL 4314903, at *4; *Mock*, 2023 WL 3844604, at *4; *Warnagiris*, 2024 WL 1328510, at *1.

**3. "Corruptly"**

Defendant then contends that "the Indictment also does not allege how Mr. Box acted 'corruptly'; because 'corruptly' is unconstitutionally vague and the government's position is that 'corruptly' can be satisfied in various different ways, simply stating the word 'corruptly' is not sufficient." Def.'s Mot. at 7.

The Court again looks to the binding precent of the D.C. Circuit. The *Fischer* court decided that case 2-1, with Judge Florence Y. Pan writing the lead opinion and Judge Justin R. Walker writing a concurrence, in which he explained his interpretation of the term "corruptly." Importantly, while Judge Pan and Judge Walker disagreed on the precise definition of the term "corruptly," neither judge found it overly vague. *See Fischer*, 64 F.4th at 336–42; *see also Mock*, 2023 WL 3844604, at *4; *Connell*, 2023 WL 4314903, at *5–6; *Bennett*, 2023 WL 6460026, at *3. To put it more clearly, "a two-judge majority of the D.C. Circuit panel concluded that [Defendant's] kind of conduct is within the meaning of the word 'corruptly' under Section 1512(c)(2), and the D.C. Circuit upheld indictments charging such conduct." *Connell*, 2023 WL 4314903, at *6. Then, in *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), the D.C. Circuit concluded that, consistent with Judge Pan's position in *Fischer*, "the ordinary meaning of the word 'corruptly' in 18 U.S.C. § 1512(c)(2) encompasses acting through independently [felonious] means." *Id.* at 364.

Defendant then argues that "even if the D.C. Circuit was correct," Defendant Box's conduct is "factually distinct" from those cases before the D.C. Circuit and therefore he cannot be said to have acted "corruptly." Def.'s Mot. at 59. He states that Defendant was "excited to capture

digital content to support his aspirations of becoming a well-known social media influencer, journalist, and political commentator," and that "[t]here is no allegation that Mr. Box went to D.C. planning to 'storm' or even go to the Capitol," that he "intended to have any impact on… the certification of the Electoral College vote," that he "attempt[ed] to or commit[ed] property damage," or take other similar actions. *Id.* at 62–63.

First, as the Government points out, Defendant has planned to stipulate to facts detailing his content and intent leading up to, on, and following January 6, 2021. Gov.'s Opp'n at 3. But in his motion, he "attempts… to sidestep the criminal nature of his conduct by painting himself as a mere journalist…" and otherwise "offer[ing] his own view of the facts" other than those to which he plans to stipulate. *Id.* at 3, 26.

As described in the Statement of Facts, *see* ECF No. 1-1, and Statement of Facts for Stipulated Trial, *see* ECF No. 73, Ex. A, Defendant Box's conduct is within the scope of conduct deemed to satisfy "corruptly."

For the reasons set forth above, the Court therefore rejects Defendant's argument regarding the term "corruptly."

**B. Count One is Unconstitutionally Vague**

Next, Defendant argues that "Count One suffers another fatal flaw: because of terms such as 'corruptly,' 'otherwise,' 'obstruct,' 'influence,' 'impede,' and 'official proceeding,' Section 1512(c) is unconstitutionally void for vagueness, facially and as applied, in violation of the Due Process Clause." Def.'s Mot. at 63.

**1. Facially Unconstitutionally Vague**

Defendant claims that Section 1512(c) is "facially unconstitutionally vague" because it "uses words throughout both subsections that require courts to speculate as to their meanings in

the context of the defendant's particular actions." Def.'s Mot. at 66.

Again, the D.C. Circuit has rejected this argument: Both *Robertson* and *Fischer* concluded that "the language of § 1512(c)(2) is clear and unambiguous." *Fischer*, 64 F.4th at 350; *see Robertson*, 86 F.4th at 371 n.7 (noting "the uphill battle a vagueness challenge" regarding the term "corruptly" "would face in light of [defendant's] use of wrongful… means with the intent to obstruct an official proceeding"). Courts in this district, including this Court, have held similarly as to the language of Section 1512(c)(2). *See, e.g.*, *United States v. Baez*, No. 21-0507 (PLF), 2024 WL 1156567, at *2 (D.D.C. Mar. 18, 2024) (rejecting vagueness challenge); *Connell*, 2023 WL 4314903, at *5-6 (same); *Spencer*, 2023 WL 6795858, at *4 ("reject[ing] Defendant's argument that the term 'corruptly' is vague such that § 1512(c)(2) is rendered unconstitutional"); *Bennett*, No. 2023 WL 6460026, at *3 ("While there was no consensus [in *Fischer*] as to the exact definition of the term ["corruptly"], neither judge in the majority evinced any belief that § 1512(c)(2) was unconstitutionally vague."); *Mock*, 2023 WL 3844604, at *4; *United States v. Sandlin*, 575 F. Supp. 3d 16, 25 (D.D.C. 2021) (DLF) ("Section 1512(c)(2) gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents or records."); *Caldwell*, 581 F. Supp. 3d at 16–20 (rejecting vagueness challenge to the terms "official proceeding" and "corruptly"); *United States v. Puma*, 596 F. Supp. 3d 90, 103–108 (D.D.C 2022) (PLF) (holding that the terms "official proceeding," "corruptly," and "otherwise" did not give rise to unconstitutional vagueness).

Accordingly, the Court holds that Defendant's argument that Section 1512(c) is facially unconstitutionally vague fails.

**2. Unconstitutionally Vague as Applied to Defendant**

Defendant next argues that the statute is unconstitutionally vague as applied to Defendant Box himself. Def.'s Mot. at 76. In this section of his brief, Defendant restates many of his arguments discussed elsewhere—e.g., that the term "otherwise" is too broad, or the term "corruptly" cannot apply to him—and argues that "nothing in Section 1512(c)(2) would have given fair notice to Mr. Box… that such conduct would run afoul of" the statute. *Id.* at 76–77.

As the Court has explained above, the language of § 1512(c)(2) has been found to be clear and unambiguous under binding precedent, and, considering the Statement of Facts, *see* ECF No. 1-1, and Statement of Facts for Stipulated Trial, *see* ECF No. 73, Ex. A, Defendant's conduct falls squarely within the statute's parameters.

Accordingly, as numerous other courts have held, the Court will reject Defendant's argument that Section 1512(c)(2) is unconstitutionally vague as applied to him. *See, e.g.*, *Connell*, 2023 WL 4314903, at *6 ("[T]he term 'corruptly' provides notice to [defendants] of what Section 1512(c)(2) prohibits and [] the statute is not unconstitutionally vague as applied to them."); *Caldwell*, 581 F. Supp. 3d at 16–20 (rejecting defendants' arguments that the terms "official proceeding" and "corruptly" are vague as applied to them); *Grider*, 585 F. Supp. 3d at 32 (holding that 1512(c)(2), as applied, is not unconstitutionally vague); *Puma*, 596 F. Supp. 3d at 103–108 (holding that "official proceeding," "corruptly," and "otherwise" do not compel a conclusion that Section 1512(c)(2) is vague as applied to the defendant's conduct).

**3. Unconstitutionally Vague in Violation of First Amendment**

Defendant argues that Section 1512(c) is also unconstitutionally vague in violation of the First Amendment because the statute's "undefined terms" and vagueness have a chilling effect on free speech. Def.'s Mot. at 84.

As the Government explains, "this argument should be rejected because courts have

uniformly held that Section 1512(c)(2) is not vague, whether on First Amendment Grounds or otherwise." Gov.'s Opp'n at 29. The Court agrees and rejects Defendant's argument that Section 1512(c) is unconstitutionally vague in violation of the First Amendment.

**C. Count One is Unconstitutionally Overbroad**

Defendant also argues that the allegations against Defendant based on a violation of Section 1512(c)(2) are unconstitutionally overbroad for burdening First Amendment rights. Def.'s Mot. at 84.

But as other courts of this jurisdiction have concluded, obstruction is not expressive conduct, much less protected expressive conduct, *see, e.g.*, *United States v. Nordean*, 579 F. Supp. 3d 28, 52–53 (D.D.C. 2021) (TJK), particularly so for obstruction done "corruptly," *see Grider*, 617 F. Supp. 3d at 52–53. And even if Defendant Box's actions were expressive, behavior within the Capitol buildings that prevents "Congress [from] peaceably [] carry[ing] out its lawmaking responsibilities" is not speech protected by the First Amendment. *Bynum v. U.S. Capitol Police Bd.*, 93 F. Supp. 2d 50, 55–56 (D.D.C. 2000) (PLF).

In line with other courts faced with similar arguments, this Court will reject Defendant's argument that Section 1512(c)(2) is unconstitutionally overbroad. *See, e.g.*, *United States v. Montgomery*, 578 F. Supp. 3d 54, 86–87 (D.D.C. 2021) (RDM); *Grider*, 617 F. Supp. 3d at 53.

**D. Elements Missing from the Indictment**

Defendant also states that "[a]mong its many flaws, the Indictment fails to state various essential elements." Def.'s Mot. at 7. Defendant does not dedicate great time or attention to these arguments, but the Court will address them each in turn.

**1. Consciousness of Wrongdoing**

Defendant first argues that "the Indictment fails to allege the essential element of

consciousness of wrongdoing, which… is an additional *mens rea* requirement that is distinct from 'corruptly.'" Def.'s Mot. at 8.

However, the Court in *Brock* held that "'corruptly' requires a showing of dishonesty, an improper purpose, *or* consciousness of wrongdoing," and "each of these showings may be sufficient to establish that [a defendant] acted 'corruptly' under Section 1512(c)." *Brock*, 94 F.4th at 49 (emphasis added); *accord Puma*, 596 F. Supp. 3d at 103 ("Judges in this district have construed 'corruptly' to require 'a showing of 'dishonesty' or an 'improper purpose,' 'consciousness of [ ] wrongdoing,' *or* conduct that is 'independently criminal,' 'inherently malign, and committed with the intent to obstruct an official proceeding'") (citations omitted) (emphasis added). Therefore, Defendant's argument is unavailing, as "consciousness of wrongdoing" is not an additional *mens rea* requirement.

**2. Nexus**

Defendant next contends that "the Indictment fails to state the nexus requirement, another essential element of Section 1512(c)(2),… or otherwise allege a nexus between Mr. Box's conduct and an 'official proceeding.'" Def.'s Mot. at 9; *see also* Def.'s Reply at 2. Defendant cites to non-binding case law from other circuits but otherwise does not provide much argumentation. *See* Def.'s Mot. at 9, 17 n.12.

Defendant is correct that Section 1512(c)(2) does include a nexus requirement between the obstruction and the proceeding to be obstructed. *See Montgomery*, 578 F. Supp. 3d at 82–83. However, an indictment does not have to be drafted with precise specificity; whether an indictment is sufficient "is not a question of whether [the indictment] could have been more definite and certain," *United States v. Debrow*, 346 U.S. 374, 378 (1953), as long as the indictment contains "a plain, concise, and definite written statement of the essential facts constituting the offense

charged," Fed. R. Crim. P. 7(c)(1). Because the Indictment alleges that Defendant "attempted to, and did, corruptly obstruct, influence and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote," Indictment at 1–2, it cannot be said that Defendant did not have fair notice of the charge brought against him and of this alleged nexus. *Cf. Grider*, 585 F. Supp. 3d at 31–32; *Caldwell*, 581 F. Supp. 3d at 21–22. Accordingly, Defendant's argument fails.

**3. Specific Intent**

Defendant claims that "there is an additional non-statutory *mens rea* required for purposes of Section 1512(c): a specific intent to obstruct, impede, or influence the respective 'official proceeding,'" and that because the Indictment fails to state this element, Count One should be dismissed. Def.'s Mot. at 9.

This specific intent requirement is buried within the understanding of the term "corruptly." *See Montgomery*, 578 F. Supp. 3d at 81 ("acting 'corruptly' within the meaning of Section 1512(c)(2) means acting with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the proceeding") (citation omitted) (cleaned up); *Sandlin*, 575 F. Supp. 3d at 32 ( "defining 'corruptly' as acting 'with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct the official proceeding'") (citation omitted) (cleaned up); *see also Caldwell*, 581 F. Supp. 3d at 19–20. Accordingly, that the Indictment states that Defendant "attempted to, and did, *corruptly* obstruct, influence, and impede an official proceeding…", Indictment at 1 (emphasis added), is sufficient to state this element of the offense and put Defendant on notice. Therefore, Defendant's argument must fail.

**4. Mens Rea of Knowingly**

Defendant next argues that "the Indictment fails to state the mens rea of 'knowingly,' which courts have embraced for purposes of Section 1512(c)," and that because the Indictment fails to state this element, Count One should be dismissed. Def.'s Mot. at 9.

Defendant cites to two non-binding, out-of-circuit district court decisions, *id.* (citing *United States v. Reich*, 420 F. Supp. 2d 75 (E.D.N.Y. 2006); *United States v. Stevens*, 771 F. Supp. 2d 556, 566 (D. Md. 2011)), as well as one case from this jurisdiction where the court was discussing the meaning of the word "corruptly," *id.* (citing *Sandlin*, 575 F. Supp. 3d at 32). Additionally, as explained above, the Indictment need not be drafted with precise specificity so long as it contains "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1).

Accordingly, the Court rejects Defendant's argument.

**5. Aiding and Abetting**

Finally, Defendant argues that "the Indictment fails to provide statutory language or any other context for aiding and abetting liability in Count One." Def.'s Mot. at 9; *see also* Def.'s Reply at 3. He continues that "none of the essential elements for aiding and abetting under Section 2 are even listed…[n]or is any context given," Def.'s Mot. at 10, and that "[w]hile courts consistently provide that aiding and abetting is a separate offense than the substantive offense, they do so in a context different from that here," Def.'s Reply at 3. Defendant provides no case law nor any other substantive support for his argument.

As the D.C. Circuit has held, "an indictment need not specifically include an aiding and abetting charge because, "'whether specified or not,' the federal statute creating liability for aiding and abetting… 'is considered embodied in full in every federal indictment.'" *United States v. Kelly*, 552 F.3d 824, 832 (D.C. Cir. 2009). Additionally, myriad other defendants charged with

violating Section 1512(c)(2) in the context of the January 6, 2021 insurrection have likewise been charged with aiding and abetting liability without additional elements or context. *See*, *e.g.*, Second Superseding Indictment, *United States v. Todd*, No. 22-cr-166 (BAH) (D.D.C. Jan. 17, 2024), ECF No. 171; Indictment, *United States v. Williams*, No. 21-cr-618 (ABJ) (D.D.C. Oct. 6, 2021), ECF No. 27; Superseding Indictment, *United States v. Grider*, No. 21-cr-0022 (CKK) (D.D.C. June 1, 2022), ECF No. 97. The Court therefore rejects Defendant's argument here as well.

## IV. CONCLUSION

For the reasons set forth above, the Court will **DENY** Defendant Box's [75] Motion to Dismiss Count One of the Indictment.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge