UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.     : | Case No. 22-CR-413-CKK |
| : | |
| DOMINIC BOX,       : | |
| : | |
| Defendant.   : | |

### JOINT STATUS REPORT REGARDING COURT'S
### AUGUST 6, 2024 MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and Dominic Box, by and through his attorney, Amy C. Collins, hereby submit a joint status report regarding Count One, which alleges a violation of 18 U.S.C. §§ 1512(c)(2), 2, pursuant to the Court's August 6, 2024 Minute Order.

### GOVERNMENT'S POSITION

The government respectfully requests that the Court order the parties to file a further status update in six weeks, on September 23, 2024.  The defendant is opposed.

One month after the Supreme Court decided *United States v. Fischer,* 144 S. Ct. 2176 (2024), the defendant filed a 34-page "Notice of Supplemental Authorities," which, despite its title, in fact far exceeded the typical scope of such a filing, raising various challenges unrelated to *Fischer*.  *See, e.g.,* ECF 85-2 at 26-27 (making First Amendment overbreadth argument). On August 6, 2024, the Court ordered the parties to file a status report "indicating how the government intends to proceed as to Count One or describing the time frame by which the Government will have reached a decision."  Aug. 6, 2024 Min. Entry.

As this Court is undoubtedly aware, *Fischer* did not create a bright-line rule invalidating

1

the application of § 1512(c)(2) to January 6 prosecutions.  Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so.  *Fischer,* 144 S. Ct. at 2186; *see also, id.* at 2194 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").  Here, the data from the defendant's Facebook account is voluminous, and contains many references to "ballots," "votes," and the Electoral College process.

The government has thus undertaken a case-by-case review of the over 200 cases where it has charged defendants with violations of 18 U.S.C. § 1512(c)(2).  That process is ongoing.

Beyond the time involved in this intensive case-by-case review, several additional facts specific to this case counsel in favor of allowing the government additional time to complete its evaluation of Count One.  First, as defendant himself has highlighted, he has been prolific with his public statements and statements on social media regarding his actions.  In this case, the government anticipates needing to review a substantial volume of evidence to assess whether this case would meet *Fischer*'s narrow standard upon retrial.  Second, defendant has filed a lengthy renewed motion to dismiss styled as a "Notice of Supplemental Authorities," and the government needs time to evaluate these wide-ranging arguments and determine whether any have merit.1

---

[1] The defendant required four weeks after *Fischer* to assess the impact of the decision on his case and file this motion—and, unlike the Department of Justice, need not develop an approach providing consistency and fairness across hundreds of cases.  This alone suggests that evaluating *Fischer*'s impact on a case is not as straightforward as the defendant asserts it is.

Third, the Assistant United States Attorney assigned to this case left the Department of Justice on August 8, and the government respectfully requests that the new assigned prosecutor be permitted appropriate time to learn the case and assess how to proceed. Finally, given the posture of this case, there are various procedural mechanisms and options involved to assess, ranging from a simple motion to dismiss to motion practice regarding the existing record to a retrial on stipulated facts to a fully contested retrial on Count One.

## **DEFENDANT'S POSITION**

The defendant opposes the government's request for more time as well as the government's representations herein.

Firstly, Mr. Box believes Count One must be dismissed, as the government failed to advance any evidence as to evidence impairment. Despite the government's representations on August 9, 2024 and herein that it is trying to determine whether it will ***retry*** Mr. Box, such a course of action is unconstitutional (under double jeopardy and otherwise) and the government's failure to raise evidence impairment arguments constitutes a concession to Mr. Box's respective arguments, constitutes a waiver/forfeiture of any such argument by the government, and affords a conclusive basis for the dismissal of Count One. The government's representations herein about Facebook returns—which it has had in its possession since what defense counsel understands was approximately June of 2023—are frivolous, moot, and disingenuous. The government is precluded from charging Mr. Box under a different theory that it could have advanced before. The government has already reviewed the Facebook returns to a great extent (as has defense counsel). In any event, the government's reference to the Facebook returns herein is frivolous and disingenuous. The government pressured Mr. Box to move along with the stipulated trial in his

3

case prior to *Fischer*, so it would be fundamentally unfair to then allow the government to dedicate great time to review files it has had in its possession for a significant amount of time to the prejudice of Mr. Box, who is incarcerated and, if convicted, still needs to be sentenced.

Secondly, the length of time is not in the interests of justice and severely prejudices Mr. Box (whose likely term of imprisonment that would be imposed, if any, would be exceeded by the six-week period and he will already be incarcerated far in excess of that period while waiting for the government to act on whatever its plan is, in addition to the time he will be incarcerated waiting for sentencing, if convicted).

Thirdly, the government misrepresents the defendant's position and misrepresents the facts; Mr. Box was not "prolific with his public statements and statements on social media regarding his actions" nor did he ever make such a representation.

Fourthly, the government misrepresents the parties' understanding (which was established over the phone on July 26, 2024) that the government had no issue with the defense filing the Notice as a Motion to Reconsider as well.[2]

Fifthly, Mr. Box also disagrees with government's representation about why it took four weeks to file; as the Court and the government is aware, defense counsel's dog suffered from a spinal cord injury and became temporarily paralyzed, which required defense counsel to attend to that emergency circumstance and delayed her ability to work on cases. But even with the short delay in filing, the government has been able to anticipate this outcome since the Supreme Court

---

[2] Defense counsel has reached out to SAUSA Samantha Miller to correct the govenrment's misunderstanding. Upon request, defense counsel would gladly provide the Court a copy of the relevant text messages and phone logs in relation to the government's representation it made on July 26, 2024 and/or the email exchanges where defense counsel asked the government's current counsel to speak with Ms. Miller to correct her misunderstanding and the government's current counsel declined to do so.

granted certiorari in *Fischer* but it has failed to adequately or timely address *Fischer*, to the prejudice of Mr. Box. While a new prosecutor was assigned today, and the supervisor, who had been intimately involved with the case, was the individual who was supposed to take over the case. The government's self-imposed and manufactured purported need for a delay by swapping prosecutors last minute (despite anticipating the last prosecutor's end date likely for at least months) is unavailing.

Lastly, Mr. Box's position is that the government's only two options are to proactively dismiss Count One or to wait to see how the Court rules; any other request or plan is unconstitutional and/or unethical since it would be frivolous, among other things.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ Sara E. Levine*
SARA E. LEVINE
Assistant United States Attorney
VA Bar No. 98972
601 D Street NW
Washington, DC 20530
sara.levine@usdoj.gov
*Counsel for the Government*

Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for Dominic Box*