UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 22-CR-413-CKK |
| : | |
| DOMINIC BOX, : | |
| : | |
| Defendant. : | |

## GOVERNMENT RESPONSE TO COURT'S AUGUST 16, 2024 MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this requested response to Court's minute order. The defendant would not be prejudiced by a short continuance, and he would not be incarcerated longer than a possible sentence in the absence of Count One. The government respectfully requests the Court deny defendant's request for immediate dismissal of Count One because it is an inappropriate remedy for a change in law. Additionally, the government respectfully requests the Court grant the requested continuance as it will not prejudice the defendant and will allow for appropriate consideration of the issues raised in the defendant's motion to reconsider and the issues raised by the change in law established by *United States v. Fischer*, 144 S. Ct. 2176 (2024).

a. **A Change In The Law Post Trial Does Not Support Dismissal**

While the defendant argues that the Court must dismiss Count One under *Fischer*, the appropriate remedy would be a retrial or a reopening of the evidence in this instance. The government agrees that the law presented by the parties for the Court to consider at the stipulated trial no longer implement the controlling reading of the statute, in light of *Fischer*. In *United States v. Reynoso,* the Court considered this issue post-verdict and found that the fact that the Court considered law that *later* turned out to be incorrect may amount to an instructional, or trial, error, necessitating that the Court vacate the defendants' convictions on that count. 38 F.4th 1083, 1090–

91 (D.C. Cir. 2022) ("[A] defendant cannot make out a sufficiency challenge as to offense elements that the government had no requirement to prove at trial under then-prevailing law."). On a procedural record similar to this case, the D.C. Circuit held that "a sufficiency claim is a non sequitur." *Id.* at 1091. "If the [finder-of-fact], consistent with then-prevailing law, is never asked to find the existence of something later established to be an offense element, there is no freestanding insufficiency-of-the-evidence claim as to that element." *Id.* at 1090. While the Court has not rendered a verdict in this case yet, the parties presented the elements for Count One from then-prevailing law. The Court was not asked to find the existence of the additional facts as required by the Supreme Court in *Fischer*.

Given the current pre-verdict posture, the defendants' apparent trial-error claim is best understood as a Rule 33 Motion. Fed. R. Crim. Pro. 33(a) (the Court may grant "a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment."); *United States v. Kirsch*, 151 F. Supp. 3d 311, 315 (W.D.N.Y. 2015) (noting that a significant intervening change in the law may constitute a valid basis to extend time under Rule 45(b)(1)(B)). And, as in any Rule 33 motion, the proper remedy, if any, is a new trial.

As the Court knows, *Fischer* did not reject the application of Section 1512(c)(2) to all January 6 prosecutions. Rather, the Supreme Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding. Although the Court was not asked to consider whether the defendant "impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness

testimony or intangible information – or attempted to do so," *Id*. at 2186, the government should not be deprived of its ability to make that showing in a future retrial, if it so chooses.

Here, no verdict has been rendered, so the procedural pathway is even easier: the Court may reopen proceedings by either parties to introduce evidence relevant to Count One, or the parties may rest on the current evidence and argue whether the facts support the post-*Fischer* law. Despite the novelty of such a change in the law mid-prosecution, the pathway itself is not novel. In post-verdict cases, when reconsidering a finding of guilt in light of a potential legal error, the district court sits in a similar position to an appellate court considering the same question. *Bravo-Fernandez v. United States*, 580 U.S. 5, 20 (2016). The ordinary remedy is vacatur, not reversal without an opportunity for retrial. *Id.*; *United States v. Argueta-Rosales*, 819 F.3d 1149, 1151 (9th Cir. 2016) (vacating and remanding for a retrial). If the government chooses to go forward with Count one, reopening the case and conducting a retrial is the lawful remedy.

Here, the defendant argues that if the government retried Count One, it would be advancing a different theory of the case. Addressing a new factual requirement that was read into the statute after the case was originally tried is not advancing a new theory of the case. It is presenting additional evidence required under that change of law after the stipulated trial as contemplated by the courts. Nothing precludes the government from reassessing the case based on a new requirement that did not exist at the time of the original trial. The defendant seems to argue that the government should have presented evidence of a fact that did not exist at the time. It is not the government's responsibility to prognosticate what the Supreme Court would require the government to prove before it announces such a legal change. Requiring the government to predict any future changes to the law would lead to absurd results.

Ironically, the government is not even seeking a conviction on Count One in light of *Fischer*, yet. It is simply asking for more time to determine the best course of action. This may mean that the government ultimately intends to prosecute Count One. Or it may mean that – for a variety of reasons, including economical use of judicial resources or consideration of new legal principles announced by *Fischer* – that the government forgoes a conviction on Count One entirely.

**b. The Brief Continuance Would Not Prejudice Defendant or Exceed His Potential Sentence Without Count One**

While Defendant has been in custody since November 30, 2023, his potential sentence without Count One would still exceed the period of pre-trial incarceration he faces while the parties address the change in law created by *Fischer*. Without Count One, Counts Two and Three would likely drive the guidelines calculation with a base offense level of 10. *See* U.S.S.G. § 2A2.4. For grouping, Counts Two and Four would constitute one group, Count Three would constitute a second group, and Count Five would constitute a third group. Under U.S.S.G. § 3D1.4, 3 levels would be added leading to an Estimated Level of Offense 13. The defendant is estimated to have four criminal history points, which would place him in Category III. Without credit for acceptance of responsibility, the defendant's guideline range would be 18 to 24 months. Should the Court award the two points off the guidelines for acceptance of responsibility at sentencing, the defendant's guideline range would be an Estimated Level of Offense 11 with a sentencing range of 12 to 18 months.[1]

Additionally, the government may lawfully request an upward variance to account for the fact the defendant's civil disorder was in furtherance of an effort to obstruct the proceeding. *See, e.g.*, *United States v. Hostetter*, 21-cr-392-RCL, ECF No. 507, at 4-5 (explaining that while *Fischer*

---

[1] This is a preliminary review of the sentencing guidelines. This is not to say that other enhancements or cross-references may not appropriately apply.

would dictate the scope of §1512(c)(2)'s technical application, the Court may still assess the conduct "in its entirety" and not take a "drastically different view" of such conduct, even if §1512(c)(2) count is vacated); *United States v. Reffitt*, 21-cr-32-DLF, ECF No. 182, at 9 (endorsing a possible upward variance even without a §1512 given the conduct and need to "adequately capture[] the gravity" of a defendant's behavior related to the riot). After reviewing the full record, the Court could properly impose an upward variance based on the applicable 18 U.S.C. § 3553(a) factors. In the absence of Count One, the Court could find, for example, that the new advisory guideline range does not adequately reflect either the seriousness of the defendant's conduct or the risk of recidivism.

In any event, and not presupposing a future sentencing, the government's request for a short continuance does not drastically alter the state of play. The defendant was originally on release in this case, and it was not until the defendant was rearrested on multiple state charges in Florida that this Court revoked his release. *See* ECF No. 49. After *Fischer*, the defendant filed his supplement to his original Motion to Dismiss on July 28, 2024, after which the Court ordered the parties confer on or before August 12, 2024. The parties did just that, and the government sought some additional time to evaluate the specific case. Should the Court grant the government's requested extension, the defendant would be in custody slightly less than 10 months at the time of the next hearing, which is lower than the bottom end of the guidelines range. The government believes that the case could be resolved within a time that would not exceed an appropriate sentence in this case.

Finally, and perhaps most importantly, any concerns regarding the status of his incarceration should not be driven by the government's continuance request. Instead, federal law delineates how a defendant may seek release pending trial. *See* 18 U.S.C. § 3142. While the government certainly appreciates the liberty interests at stake, §3142 and its progeny help to

address concerns over release, rather than short-circuiting consideration of a substantive criminal count. Moreover, even if the defendant were released in this case, he would still be incarcerated based on his Florida charges. Thus, the government's request for more time to evaluate the case would not affect his current incarceration.

**CONCLUSION**

For the foregoing reasons and those included in the government's portion of the Joint Status Report, ECF No. 87, the government respectfully requests the Court deny the defendant's request for immediate dismissal of Count One as there is no prejudice to defendant and grant the government's request for a brief continuance until September 23, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ Sara E. Levine*
SARA E. LEVINE
Assistant United States Attorney
VA Bar No. 98972
601 D Street NW
Washington, DC 20530
sara.levine@usdoj.gov