# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOMINIC X. BOX,<br>Defendant. | Criminal Action No. 22-413 (CKK) |

**ORDER**
(August 26, 2024)

Count One of the [63] Superseding Indictment charges Defendant Dominic X. Box with violating 18 U.S.C. § 1512(c)(2). On May 23, 2024, Box moved to dismiss Count One on a variety of procedural, statutory, and constitutional grounds. Def.'s Mot. to Dismiss Count One, ECF No. 75. After further briefing, the Court denied Box's motion. Order, ECF No. 81; Mem. Op., ECF No. 82. And the Court then held a stipulated bench trial in this matter on June 17, 2024. *See* Minute Entry, June 18, 2024. As yet, no verdict has been rendered.

On June 28, 2024, the United States Supreme Court issued its opinion in *United States v. Fischer*, 144 S. Ct. 2176 (2024), clarifying the scope of 18 U.S.C. § 1512(c)(2) and unsettling precedent on which this Court relied in its earlier rulings. A month later, in light of this change in governing law (among other reasons), on July 28, 2024, Box sought leave to file a motion to reconsider his motion to dismiss Count One. *See* Def.'s Mot. for Leave to File, ECF No. 85 at 1–2. The Court granted leave to file the [85-1] Motion for Reconsideration and ordered the parties to file a Joint Status Report "indicating how the Government intends to proceed as to Count One or describing the time frame by which the Government will have reached that decision" so a briefing schedule could be set. Minute Order, August 6, 2024.

On August 12, 2024, the parties responded to that order. The Government did not indicate

how it intends to proceed as to Count One and requested that the Court "order the partes to file a further status update in six weeks." Joint Status Report, ECF No. 87 at 1. Although the Government's position is not entirely clear, the Court interpreted this as a request for six weeks to make a decision about Count One, at which time the parties would reconvene to propose a briefing schedule in the event the Government elects to proceed on Count One.

Box opposed that request and argued, among other things, that further delay "is not in the interests of justice and severely prejudices Mr. Box" because his "likely term of imprisonment" if convicted on all charges other than Count One "would be exceeded by the six-week period" the Government requests. *Id.* at 4. The Court ordered the Government to respond to that contention, *see* Minute Order, August 16, 2024, and is now in receipt of that response, Resp. to Order, ECF No. 88.[1]

Having considered the parties' competing positions on the proper briefing schedule, and for the following reasons, the Court **ORDERS** the Government to respond to Box's [85-2] Motion for Reconsideration on or before September 23, 2024.[2]

First, the question whether and how to proceed with Count One following *Fischer* is complex. As the Government notes, "*Fischer* did not create a bright-line rule" for the application of 18 U.S.C. § 1512(c)(2). Joint Status Report, ECF No. 87 at 1–2. And the Court's opinion in *Fischer* affects hundreds of cases in this District. *Id.* at 2. The Government is currently engaged in an ongoing process of reviewing those cases to develop a uniform approach to application of

---

[1] The Court also received a supplemental brief from the Government, filed under seal, on August 23, 2024. . *See* Gov't's Suppl. Resp., ECF No. 89-1. The Court ordered Box to Reply to that supplement by 12:00 PM ET on August 26, 2024. Minute Order, August 23, 2024. Box moved for an extension of time to file until 3:00 PM ET on the same day. Def.'s Mot. for Extension, ECF No. 90. And the Court granted that requested extension. At the time of writing—5:30 PM ET on August 26, 2024 and more than two hours past Box's requested deadline—Box has emailed the Court his intention to file a Reply, but still not posted his Reply on the docket.

[2] The Court expresses no opinion on the merits of Defendant's [85-2] Motion at this time.

Section 1512(c)(2) moving forward. *Id.* at 2 & n.2. That process necessarily takes time.

Second, Box's [85-2] Motion for Reconsideration is itself complex. It raises at least eight separate arguments regarding the effect of *Fischer* and related cases on Count One. ECF No. 85-2 at 7–30. And it "incorporates by reference [Box's] Motion to Dismiss Count One of the Indictment . . . and his Reply to the [G]overnment's Response to his Motion to Dismiss," *id.* at 3 n.3, which together offer more than 100 pages of additional argument, *see* ECF No. 75; ECF No. 77-2.[3] A short extension is warranted in light of the extent of the arguments the Government needs to address.

Finally, although sensitive to Box's concerns, the Court finds that a short extension of time for the Government to respond to the [85-2] Motion for Reconsideration will not severely prejudice Box. Box has been in pretrial custody in this matter since November 30, 2023—almost nine months ago. *See* Order, ECF No. 49.[4] But the Court agrees with the Government's preliminary assessment that Box's period of pretrial incarceration following a short extension will not exceed his potential sentence in the event of his conviction on all counts other than Count One. *See* Gov't's Resp. to Order, ECF No. 88 at 4. Excluding Count One, Box faces an estimated offense level of thirteen, and his estimated criminal history would place him in Category III. *See id.* If convicted on all counts other than Count One and awarded a two-level credit for acceptance of responsibility, Box's guidelines sentencing range would be twelve to eighteen months.[5] U.S.S.G.

---

[3] At the time, Box sought, and received, leave to file excess pages "given the complexity of the various issues involved in relation to Count One." Def.'s Mot. to Exceed Page Limit, ECF No. 78 at 1.

[4] Box was initially released on personal recognizance, *see* Order, ECF No. 14, but was arrested and taken into custody in Florida on an unrelated state-law matter in August 2023, *see* Unopposed Mot. to Revoke, ECF No. 48 at 1. Later, the Court revoked Box's release in this matter and remanded him to custody of the United States Marshal Service on November 30, 2023. Order, ECF No. 49. That is, however long Box has been in custody as a general matter, his period of pretrial confinement *in this case* began on November 30, 2023. To the extent Box feels he should no longer be held in pretrial custody, he is free to pursue the full panoply of remedies available to him.

[5] Under the Government's preliminary assessment of Box's estimated offense level excluding Count One, *see* Gov't's Resp. to Order, ECF No. 88 at 4, with which the Court agrees, Box would be ineligible for a three-point

§ 5A.  In other words, contrary to Box's representations, his period of incarceration during the pendency of briefing on his [85-2] Motion for Reconsideration will not be "far in excess" of his likely sentence in the event he is convicted of all charges other than Count One.  Joint Status Report, ECF No. 87 at 4.

Because of the complexity of the issues related to Count One, the Court finds an extension of the Government's time to file a response to Box's [85-2] is warranted.  And the Court further finds that such an extension would not work any undue prejudice to Box.  But the Court will not indulge the Government's request for six weeks to decide whether to respond at all.

Accordingly, the Court **ORDERS** the Government to respond to Box's [85-2] Motion for Reconsideration on or before September 23, 2024.

**SO ORDERED**.


Date: August 26, 2024

>                           /s/
>                           COLLEEN KOLLAR-KOTELLY
>                           United States District Judge

---

reduction for acceptance of responsibility.  To qualify for a third point of deduction, Box's offense level would need to exceed sixteen.  U.S.S.G. § 3E1.1(b).  It likely will not.  And in any event, such a deduction could only come "upon motion of the government."  *Id.*