UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Case No. 1:22-cr-00413-CKK-1 |
| | : | |
| | : | |
| DOMINIC BOX, | : | |
| | : | |
| *Defendant.* | : | |

**NOTICE ACCOMPANYING EMAIL SUBMISSION PURSUANT TO COURT'S INSTRUCTION DURING SEPTEMBER 27, 2024 TELECONFERENCE**

Dominic Box, by and through undersigned counsel, respectfully submits this Notice to accompany the September 30, 2024 email submission consistent with the Court's instruction during the September 27, 2024 teleconference that Mr. Box submit citations to arguments in the record that support a conclusion that Mr. Box cannot be found guilty on Counts Two and Three, which charge 18 U.S.C. § 231, if he is found not guilty on Count One, which charges 18 U.S.C. §§ 1512, 2. Nothing herein should be viewed as a concession by Mr. Box or a waiver or forfeiture of arguments on or related to what is discussed herein by Mr. Box.

**DEFINTION OF "CORRUPTLY" FOR PURPOSES OF SECTION 1512(c)**

Prior to the Supreme Court's holding in *Fischer*, the D.C. Circuit held that, for purposes of Section 1512(c), the *mens rea* "corruptly" could be met by proving the defendant engaged in an independently unlawful felonious act. *See, e.g.*, ECF No. 75 at 42-43, 49; ECF No. 85-2 at 13. Accordingly, for Count One, the Statement of Facts for Stipulated Trial includes reference to Mr. Box's engagement in civil disorder in violation of Section 231(a)(3), which refers to the conduct charged in Counts Two and Three. *See* ECF No. 73 at 35-37; *see also* ECF No. 76 at 26 (government asserting that "the defendant engaged in independently felonious conduct as part of

1

his obstruction (like [ Mr.] Box, a violation of the civil disorder statute)"). Thus,[1] for all intents and purposes, arguments as to Count One must also be viewed as applying to Counts Two and Three.

The parties submitted various arguments as to what "corruptly" meant and what factual basis would be sufficient to establish a violation. *See, e.g.*, ECF No. 75 at 41-63; ECF No. 85-2 at 17-23. For instance, Mr. Box submitted factual and legal arguments that the conduct the government claimed was independently unlawful felonious conduct (the conduct that makes up Counts Two and Three) was not, in fact, independently unlawful felonious conduct. For instance, Mr. Box argued that the conduct was not unlawful because it was protected by the First Amendment. *See, e.g.*, ECF No. 85-2 at 15-17 (arguing that he did not act corruptly under any of the possible definitions and that he was no more than a peaceful protestor and citizen journalist with credentials he hoped would give him official journalistic privileges as they had previously); *see also* ECF No. 75 at 43 ("[A problem arises as to the reading of 'corruptly' to mean independently unlawful felonious act when the government relies on a statute such as] 18 U.S.C. [§] 231(a)(3), a commonly applied statute in the context of protests, and similar laws that require that a defendant acts with the intent to commit another felony. Where, in cases such as Mr. Box's, the only other charged felony is Section 231(a)(3), *see* ECF No. 63 at 2, defendants cannot be said to have engaged in independently felonious conduct.").

For these reasons and others, such as those addressed below, the validity of Counts Two and Three hinge on a determination as to various arguments made by Mr. Box in relation to his request to dismiss Count One.

---

[1] As discussed below, there are also other reasons why arguments as to Count One must also be viewed as applying to Counts Two and Three.

2

## OVERVIEW OF SOME OF THE OTHER ARGUMENTS
## THAT INHERENTLY APPLY TO OTHER COUNTS

The validity of Counts Two through Seven hinge on a determination as to various arguments made by Mr. Box in relation to his request to dismiss Count One.

Because Count One relies on the same facts underlying Counts Two through Seven as well as the validity of Section 231 as charged in Counts Two and Three and because Counts Two through Seven rely on Count One, *see, e.g.*, ECF No. 73 at 35-40, various arguments as to the constitutional validity of Count One (such as those pertaining to the First Amendment or the Fifth Amendment's Due Process Clause, *see, e.g.*, ECF No. 75-1 at 113) and statutory interpretation[2] would apply to Counts Two through Seven and most, if not all, arguments as to the factual validity, or sufficiency, of Count One would apply to Counts Two through Seven. Determinations on these issues in Mr. Box's favor would directly preclude the Court from being able to find Mr. Box guilty on or to sustain Counts Two through Seven, respectively.

As one example regarding constitutional validity, Mr. Box's argument that his conduct was protected by the First Amendment because of the fact that he was—at most—acting as a citizen journalist and/or a peaceful protestor while at the U.S. Capitol and on U.S. Capitol grounds, *see, e.g.*, ECF No. 73 at 14-35 (detailing Mr. Box's hope to record digital media content on January 6 to advance his position in journalism, an influencer, and a political commentator; depicting him doing so); ECF No. 75 at 6, 49-50, 56, 57 n.33, 58, 62, 85; ECF No. 77-2 at 6-8, 10-11; ECF No. 85-2 at 9-10, 15-17, 24-26; *see also id.* at 26-27.

---

[2] Such arguments include the application of canons like *noscitur a sociis* to terms such as "obstruct," "impede," and "influence," *see* ECF No. 75 at 22-23, 24 n.15; ECF No. 75-1 at 24, 29, 45-46, 93-95; ECF No. 85-2 at 4, 12 n.8, and principles that apply when interpreting obstruction statutes, *see* ECF No. 75 at 5, 39 n.22; ECF No. 75-1 at 72-73; ECF No. 75-3 at 49, or generally, *see, e.g.*, ECF No. 75 at 13 n.9, 49. Further, for purposes of statutes such as Section 231, the same types of concerns raised in the context of merely causing a delay would apply, whether specifically relating to the term "delay" in the statute or another term like "impede." *See, e.g.*, ECF No. 75 at 81.

Another example, Mr. Box argued that the allegations were constitutionally violative (under the First Amendment and otherwise) because, among other things, the government effectively relied exclusively on Mr. Box's limited statements on January 6 that went unacknowledged by law enforcement and on Mr. Box's remote statements to his social media following that he believed there was election fraud. *See* ECF No. 75 at 6, 84-88; ECF No. 85-2 at 26-27.

Relatedly, Mr. Box's arguments as to guilt by association or proximity also apply to at least Counts Two and Three.[3] *See, e.g.*, ECF No. 75 at 57 n.33. For instance, Mr. Box, who was not violent or even acknowledged by law enforcement when he engaged in protected speech on January 6, was still prosecuted under Section 231 (the predicate offense for Count One). *Compare, e.g.*, ECF No. 75 at 60-61 (discussing the facts in *Robertson*); ECF No. 77-2 at 4 (discussing the factual differences between Mr. Box's case and Robertson's case). Mr. Box's proximity to and perceived association with individuals who engaged violently or threateningly that day is the crux of the government's charge; this is constitutionally violative.

Further, in prior filings, Mr. Box argued that terms such as "obstruct," "influence," and "impede," which are found in Count One as well as Counts Two, Three, Four, Five, and Six, are unconstitutionally void for vagueness. *See, e.g.*, ECF No. 75 at 63-66, 75-77, 79-80, 81 n.46, 83-84, 86-88; ECF No. 85-2 at 25-26. But there are also as applied vagueness issues that arise in the context of Section 231 as well, as this was the predicate offense for corruptly relied on in the Statement of Facts for Stipulated Trial. *See, e.g.*, ECF No. 75 at 76-83 (discussing, among other things, instances where the conduct was arguably more egregious, but people were not prosecuted

---

[3] Section 231 is unique in that it relies on other people committing acts of violence, etc. However, because Counts Four through Seven directly rely on the facts in Counts Two and Three, it is arguable that Counts Four through Seven are implicated by these arguments too.

or were charged less severely to where their charges did not include Section 1512 or Section 231, such as in *Barry*); *see also* ECF No. 85-2 at 17, 26 (discussing *Bynum*). Indeed, cases like Mr. Box's show how broadly Section 231 was being applied, at least as the underlying "corruptly" predicate for Section 1512, especially compared to *Robertson*, which specifically involved the use of violence and only resulted in a violation of Section 231 under an aiding and abetting theory.

Accordingly, the arguments Mr. Box has previously raised, *see, e.g.*, ECF No. 75 at 6; ECF No. 75-1 at 45; ECF No. 85-2 at 17-20, are relevant to a determination on Counts Two through Seven.

## MATERIALS ESTABLISHING THE RECORD

On July 5, 2024, the parties submitted a joint filing with language that was read into the record memorializing the parties' understanding and agreement to what materials made up the record for purposes of the stipulated trial and for purposes of the motion to dismiss litigation, respectively. *See* ECF No. 84.

As to the former, the parties agreed that "[t]he defendant can appeal the Court's adjudication of guilt or innocence and other issues usually available following conviction, e.g., the constitutionality of a respective statute" and that, "[a]s in a contested trial, the appropriate scope of the appeal and the assertions and facts that may be considered will depend on the specific claims on appeal [(f]or example, a claim of trial error or sufficiency of the evidence would be limited to the factual record of the trial.[)]" *Id.* at 1. The parties did not come to an agreement "as to the appropriateness of the use of the stipulated trial transcript for the purposes of appealing the denial of the motion to dismiss."[4] *Id.*

---

[4] For current purposes, the relevant portion of the transcript includes pages 4-167, 179-187, and 192-197, which we incorporate by reference.

5

As to the latter, the parties agreed that "[a] claim arising from the Court's denial of the motion to dismiss would involve the defendant's assertions in that motion, including in the defendant's reply (which incorporated the stipulated facts[, including the exhibits agreed to for purposes of the stipulated trial (i.e., Exhibits 1 through 14, in their entirety)]) and other related filings, such as the defendant's response in opposition to the government's motion for leave to file a surreply."[5] *Id.*

### A. Statement of Facts for Stipulated Trial

As aforementioned, the stipulated trial record is limited to the record of the trial, which the parties agreed certainly includes the Statement of Facts for Stipulated Trial, *see* ECF No. 73 at 5-41, the stipulated exhibits shown during trial, *see* ECF No. 85-2 at 14 n.10[6], the Waiver of a Jury Trial, *see* ECF No. 73 at 43-45, and possibly the stipulated trial transcript, *see, e.g.,* 4-167, 179-187, and 192-197. *See* ECF No. 84.

The Statement of Facts for Stipulated Trial specifically provide that Counts Two through Seven rely on Count One, and vice versa[7]; therefore, a finding of not guilty on Count One would necessitate a finding of not guilty on Counts Two through Seven. Below affords additional context as to the interconnected relationship of the various counts.

---

[5] The various filings discussing how Count One should be resolved are part of what make up the relevant record for the motion to dismiss litigation. *See* ECF No. 84. Notably, a number of filings pertaining to the motion to dismiss incorporate by reference the stipulated facts (including the entirety of each stipulated exhibit). Thus, in addition to the arguments made within the parties' pleadings that recognize the codependency that exists between the counts, the record consists of the parties' explicit understanding that the counts rely on each other (and, therefore, so does their validity).

[6] *See also* Stip. Trial Trans. at 94-101 (among other things, explaining that the Court will rely on whatever the parties submit during the stipulated trial for purposes of rendering a verdict, with no objection from the parties, and then allowing Mr. Box's counsel to play additional portions of the video exhibits that the government failed to play, given the parties' understanding the video exhibits would be played in full).

[7] As a preliminary matter, Count One also relies on the other counts because Paragraph 54 otherwise contains no factual basis for a finding of guilt aside from Mr. Box's narrow and limited admission to the elements of Section 1512(c)(2). *See* ECF No. 75 at 35-36 ¶ 54. Moreover, without reliance on the other counts, as Paragraph 54 is written, there would arguably be no facts or admissions to establish aiding and abetting liability, the relevant theory of liability in Count One. *See id.*

### 1. Excerpts Relating to Counts Two through Seven

Paragraphs 55 provides that Counts Two through Seven rely on the validity of the representations in Paragraph 54 for Count One.[8] *See* ECF No. 73 at 36 ¶ 55 (providing that if the Court finds the existence of the facts in Paragraph 54 beyond a reasonable doubt then this evidence would establish each and every element of Counts Two through Seven); *see also id.* at 35-36 ¶ 54, 37-39 ¶¶ 56-62 (asserting the facts for Counts Four through Seven, which provide some of the underlying facts for Count One and which rely on Count One in their own language, with reference to Mr. Box's intent to obstruct the certification of the electoral vote, and so on).

### 2. Excerpts Relating to Counts Two and Three

In Paragraph 54, which provides the proposed basis for Count One, the parties agreed that "[Mr. Box] acted corruptly, which is defined as using unlawful means, in pursuit of an unlawful purpose, and with consciousness of wrongdoing. [Mr.] Box also admits he willfully and knowingly entered the U.S. Capitol knowing that that he lacked permission to do so, and that, as part of his effort, he engaged in an act of civil disorder, in violation of 18 U.S.C. § 231(a)(3)." ECF No. 73 at 35-36 ¶ 54. The parties' understanding was that reference to Section 231 in Paragraph 54 related to Counts Two and Three, as counsel recalls from a phone conversation with AUSA Miller and as is clear from the record.[9] To be sure, the only Section 231 charges and/or allegations accounted for in the stipulated facts and otherwise relate to Counts Two and Three, which makes sense given that Count One relies on the facts for Counts Two through Seven, and vice versa. (For instance, the stipulated facts do not contemplate different, distinct acts to "obstruct," "impede," and so on

---

[8] The Offenses section of the Statement of Facts for Stipulated Trial follows a pattern where the offense-specific paragraph is immediately followed by a paragraph providing that if the statements in the preceding offense-specific paragraph are found to be true beyond a reasonable doubt then that evidence would establish each and every element of the respective count(s) listed in the instant paragraph. *See* ECF No. 73 at 35-40.

[9] Such an understanding might also be separately memorialized in an email, but counsel would need more time to locate such email given the extent of the email communications in this case. Counsel will gladly search for and provide such email upon the Court's request.

for the different counts.) Further, entry of a building through doors unguarded by and outside the presence of law enforcement would not likely be a Section 231 violation on its own.

Count Two and Count Three's relationship to Count One is all the more significant given that a number of the other counts specifically and exclusively rely on the facts set forth in Paragraph 56 (the paragraph for Counts Two and Three). *See* ECF No. 73 at 38 ¶ 60 ("Specifically, the defendant admits that the conduct that satisfies Counts Two and Three also satisfies Count Five with respect to the defendant's conduct in the Crypt and near the East Rotunda doors, and that he engaged in this conduct to disrupt Government business and official functions including Congress's Certification of the Electoral College Vote and the Capitol Police's protection of the Capitol."); *id.* at 38-39 ¶ 62 ("Specifically, the defendant admits that the conduct that satisfies Counts Two and Three also satisfy Count Six with respect to the defendant's conduct in the Crypt and near the East Rotunda doors, and that he engaged in this conduct willfully and knowingly in order to impede, disrupt, or disturb Government business and official functions including Congress's Certification of the Electoral College Vote and the Capitol Police's protection of the Capitol."); *id.* at 39 ¶ 64 ("Specifically, the defendant admits that the conduct that satisfies Counts Two and Three also satisfy Count Seven with respect to the defendant's conduct in the Crypt and near the East Rotunda doors."). Further, as the cited language shows, Counts Five and Six also specifically relied on the intent to impact the certification of the election.

The transcript of the stipulated trial also supports that Counts Two through Seven rely on Count One. *See* Stip. Trial Trans. at 4-167, 179-187, 192-197.

### GOVERNMENT'S FAILURE TO RESPOND TO ARGUMENTS SHOULD BE TREATED AS CONCESSIONS, WAIVERS, AND/OR FORFEITURES

If the Court has not already so concluded, the government should be deemed to have conceded, waived, or forfeited any arguments the government failed to brief in response to Mr.

8

Box's arguments and the others to which the government has failed to wholly or adequately respond.

Since the get-go, there has been an undeniable understanding that the different counts rely on each other. *See, e.g.*, ECF No. 73 at 35-40 ¶¶ 54-6; *see also* ECF No. 76 at 26 (government asserting that "the defendant engaged in independently felonious conduct as part of his obstruction (like Box, a violation of the civil disorder statute)"). Mr. Box has continuously raised arguments highlighting that fact, whether directly or indirectly.[10] Despite the parties' shared understanding and Mr. Box repeatedly making (at every appropriate juncture) arguments undermining the validity of other counts should, for instance, Count One be deemed nonviable, the government either wholly failed to respond or insufficiently responded to Mr. Box's respective arguments. Aside from the government simply asserting that it believed Mr. Box engaged in independent unlawful conduct, it is our understanding that the only time any of Mr. Box's respective arguments could have been considered addressed was during the teleconference on September 27, 2024 after the Court asked for the government's position.

Mr. Box has requested on more than one occasion that the Court treat the government's failure to respond to arguments as concessions, waivers, and/or forfeitures.[11] Accordingly, its Mr.

---

[10] *See, e.g.*, ECF No. 75 at 43 ("Where, in cases such as Mr. Box's, the only other charged felony is Section 231(a)(3), *see* ECF No. 63 at 2, defendants cannot be said to have engaged in independently felonious conduct."); ECF No. 85-2 at 17-23; *id.* at 17 n.15 (citation omitted) ("Moreover, even if this Court still believes 'independently unlawful felonious conduct' is sufficient to establish that a person acted 'corruptly' for purposes of Section 1512(c), a violation of Section 231(a)(3) is not 'independently unlawful' in Mr. Box's case because, *inter alia*, that charge relies on a finding that a violation of Section 1512 was committed."); *id.* at 31; ECF No. 92 at 4 (explaining that the resolution of this case need not be delayed because, for purposes of the stipulated trial, the parties are bound and limited to the record that currently stands and if the Court finds that the stipulated facts do not satisfy the elements under the current interpretation of the law then the Court "cannot find Mr. Box guilty"); *id.* ("As mentioned before, if Mr. Box is found not guilty on Count One, he cannot be found guilty on Count Two or Three, as those counts rely on Count One.").
[11] *See, e.g.*, ECF No. 77-2 at 2 ("The government failed to respond to various arguments advanced by Mr. Box in his Motion to Dismiss. In light of the government's failure to respond to these arguments, the Court should treat these arguments as conceded to by the government."); ECF No. 85-2 at 31 ("Here, the government conceded to many of Mr. Box's assertions when it failed to timely respond to them—including Mr. Box's assertion that he, in no way, engaged in any conduct relating to evidence impairment/interference with the electoral college votes. . . . On this basis alone, this Court should have dismissed/should dismiss the Indictment."); ECF No. 87 at 3 ("[T]he government's

Box's position that, if it has not done so already,[12] the Court should deem the government to have conceded, waived, and/or forfeited these arguments and the others to which the government has failed to wholly or adequately respond.

---

failure to raise evidence impairment arguments constitutes a concession to Mr. Box's respective arguments, constitutes a waiver/forfeiture of any such argument by the government, and affords a conclusive basis for the dismissal of Count One.").

[12] It is unclear if the Court previously deemed the government to have conceded and/or waived and/or forfeited arguments after the government specifically admitted it did not respond to each of Mr. Box's arguments in his Motion to Dismiss, among other things. *See* ECF No. 79 at 3. But Mr. Box maintains that the Court should make such finding. In its Motion for Leave to File a Surreply and the accompanying proposed surreply, respectively, the government argued that Mr. Box submitted new arguments in his Reply to which the government was unable to respond previously and proposed a surreply in which the government argued it did not concede to Mr. Box's arguments to which it failed to respond. *See* ECF No. 79 at 1-3. Mr. Box submitted a Memorandum in Opposition re Government's Motion for Leave to File Surreply in Opposition to Defendant's Motion to Dismiss, in which he explained that, in sum, a surreply was not warranted because the government had an opportunity to address these arguments maybe by Mr. Box, it just failed to do so. *See* ECF No. 80. The Court ultimately denied the government's Motion, concluding, *inter alia*, that "Defendant's reply did not raise new arguments." Minute Order (June 14, 2024). *See also* Stip. Trial Trans. at 166-68 (discussing how the government tried to assert a position that the Court already declined to entertain and that the government should be deemed to have conceded).

        Respectfully submitted,

         /s/  Amy C. Collins
        Amy C. Collins
        D.C. Bar No. 1708316
        888 17th Street, NW, Suite 1200
        Washington, D.C. 20006
        (228) 424-0609
        amy@amyccollinslaw.com
        acollins@kalbianhagerty.com
        *Counsel for Dominic Box*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 2nd day of October 2024, I caused a true and correct copy of the foregoing Notice to be delivered via CM/ECF and email to all parties.

         /s/  Amy C. Collins
        Amy C. Collins