UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-413-CKK |
| | : | |
| DOMINIC BOX, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO COURT'S ORDER OF SEPTEMBER 27, 2024 and ECF NO. 96**

On September 27, 2024, the Court ordered the government to respond to the defendant's argument that dismissal of Count One implicates Counts Two and Three because they require a predicate felony. *See* September 27, 2024 Minute Order. At the hearing that same day, the Court ordered defense counsel to email the Court precise information to support the defendant's claim that the government conceded the argument that Counts Two and Three require a predicate felony previously. The defendant filed ECF No. 96 in response to the Court's request. As explained below, 18 U.S.C. § 231(a)(3) does not require a predicate felony. Additionally, the defendant's filing, which includes voluminous references to previous filings, does not point to anything that supports this argument was raised previously. Instead, the defendant claims that because he argued for dismissal of Count One that should be extended to all other counts in this case, and that the facts used in the stipulated trial cannot be considered if Count One is dismissed. These arguments are unsupported by any reference to previous filings or the law.

**I.  18 U.S.C. § 231(a)(3) does not require a predicate felony.**

The Court has inquired – based on the defendant's representations – as to whether the civil disorder charge requires a "felony predicate offense". See September 27, 2024 Minute Order. It does not.

18 U.S.C. 231(a)(3) criminalizes attempted or completed conduct that "obstructs, impedes, or interferes with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce . . . or performance of any federally protected function." No case law, statute, or ancillary authority requires the presence of any additional offense, let alone a felony. The elements of the crime are:

1. That the defendant committed or attempted to commit any act to obstruct, impede, or interfere with any law enforcement officer;
2. That the law enforcement officer was lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder; and
3. That the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

ECF No. 73 at 6-7.[1]

Here, the defendant stipulated to facts proving the civil disorder offense, and he stipulated that the facts proved the offense beyond a reasonable doubt. *Id.* at 37 ¶ 56-57. Specifically, he admitted to facts including the following:

- The defendant instructed individuals about how to overcome police pepper spray. He yelled, "Get water on your bandana! Water on your bandana!" He hoped these instructions would allow individuals to withstand the effects of pepper spray. (Paragraph 31).

---

[1] While the government is not sure why defense counsel suggested a requirement absent from the statute, it may be that defense counsel was thinking of the 18 U.S.C. § 111(a) felony, one form of which requires that the defendant act with the intent to commit another felony. That requirement is absent from 18 U.S.C. § 231.

- He joined a group who pushed through officers at the entryway to the Crypt, while he shouted, "Don't fucking tread on us!" (Paragraph 34 & 56)

- He shouted at an officer "There's no talking! There's no fucking talking!" (Paragraph 56)

- He was part of the group that overwhelmed officers at the Crypt. (Paragraph 56)

- He ignored officers' orders when they attempted to shut the East Rotunda doors, and he helped hold open one of those doors. (Paragraph 56)

- He yelled, "we need more people!" while he was at the East Rotunda doors. (Paragraph 56)

- In the Crypt and at the East Rotunda Doors officers were engaged in the lawful performance of their official duties incident to and during a civil disorder. (Paragraph 56)

- The civil disorder obstructed, delayed, or adversely affected commerce by causing Safeway to close stores early, reducing Safeway's revenue. (Paragraph 56)

- The civil disorder also obstructed delayed, or adversely affected the performance of federally protected functions including the protection of former Vice President Michael Pence by the U.S. Secret Service and the U.S. Capitol Police's protection of the Capitol. (Paragraph 56)

II.   **The defendant has raised new arguments regarding Counts Two and Three, and the government has not conceded these arguments.**

While defense counsel claimed at the hearing on September 27, 2024 that the defendant raised an argument that 18 U.S.C. § 231(a)(3) requires a predicate felony, he has provided no support for this claim. Instead, he makes two new arguments. His first argument appears to be that the arguments made to dismiss Count One should be extended to dismiss all counts because

the term corruptly in 18 U.S.C. § 1512(c)(2) required independent felonious conduct that was satisfied by Counts Two and Three. His second argument appears to be that all the Counts must be dismissed because the facts of the stipulated trial cannot be used as a basis for the remaining counts if Count One is dismissed. Neither of these new arguments appears to be based in the law or the facts for this case. Additionally, these new arguments were not raised in previous motions.

While the defendant largely refers to ECF Nos. 75 & 85-2 as a basis for his claim that the government has conceded an argument related to Counts Two and Three, the citations provided do not support this claim. The government has identified two specific references to 18 U.S.C. § 231(a)(3) in the citations included in the defendant's notice, ECF No. 96. First, in his discussion of the meaning of corruptly in 18 U.S.C. § 1512(c)(2), the defendant argues that:

> in the context of 18 U.S.C. § 231(a)(3), a commonly applied statute in the context of protests, and similar laws that require that a defendant acts with the intent to commit another felony…defendants cannot be said to have engaged in independently felonious conduct.

ECF No. 75 at 43. The defendant contended in that motion that 18 U.S.C. § 231 could not provide the mens rea for 18 U.S.C. § 1512(c)(2). *Id.* The argument does not include that 18 U.S.C. § 231 requires a predicate offense, it simply argues it should not be the predicate offense for 18 U.S.C. § 1512(c)(2). The only other citation included in Defendant's notice that directly mentioned 18 U.S.C. 231(a)(3) was an argument that the government was conflating the terms official proceeding from 18 U.S.C. 1512(c)(2) and federally protected function from 18 U.S.C. § 231(a)(3). *Id.* at 40. Neither citation provided actually argues that if the Court dismissed Count One, it would need to dismiss another count.

The first newly presented argument relies on the circular logic that because 18 U.S.C. § 1512(c)(2) required independent felonious conduct that was provided by Counts Two and Three that Counts Two and Three cannot survive without Count One because Count One required

Counts Two and Three as independent felonious conduct. In the motion, defendant claims that "[f]or all intents and purposes, arguments as to Count One must also be viewed as applying to Counts Two and Three." ECF No. 96 at 2. However, as explained above, Counts Two and Three do not require a predicate felony. Any requirement that 18 U.S.C. § 1512(c)(2) may have for independent felonious conduct does not create an additional element for the underlying felonious conduct that 18 U.S.C. § 1512(c)(2) relied on. By the defendant's logic, anytime an offense that requires a predicate felony is dismissed that would automatically dismiss the underlying predicate felony. This conclusion is wholly unsupported.

Moreover, the defendant made a motion to dismiss Count One only. ECF No. 75. The defendant cannot retroactively claim that he meant to make a motion to dismiss all counts in a motion that he titled, "Motion to Dismiss Count One of the Indictment." *Id*. This is especially true when the original motion only focused on the terms within 18 U.S.C. § 1512(c)(2) and its constitutionality. Additionally, the defendant asked the Court to reconsider his earlier motion to dismiss Count One in a later filing without mentioning dismissal of any other count. ECF. No. 85-2. The defendant cannot, with the benefit of hindsight, decide his motion should have been more expansive.

Finally, the defendant asserts that, if Count One is dismissed, the Court could not rely on the facts within the stipulated trial to support the other Counts. Nowhere in the Statement of Facts for the Stipulated Trial does it say that, if Count One is dismissed, the Court cannot consider the facts presented for Counts Two to Seven. *See* ECF 73. In this case, a stipulated trial was held because the parties agreed on the facts. The defendant agreed if the Court found the facts in the Statement of Facts that he was guilty of Counts Two through Seven. *See Id.* at ¶ 56 – 65. The only dispute that remained related to Count One. The statement of facts laid out that the

defendant did not waive his ability to challenge the definitions related to 18 U.S.C. § 1512(c)(2). *Id.* at 6. Nothing in the document supports the conclusion that, if Count One is dismissed or the defendant is found not guilty on Count One, then the defendant cannot be found guilty of other counts.

The defendant did not present any evidence that the government conceded any argument related to Counts Two and Three. Instead, the defendant presented new arguments that are not supported by the law or facts of this case. The government has not conceded any argument related to this issue.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          UNITED STATES ATTORNEY
                                          D.C. Bar Number 481052

                                  By: */s/ Sara E. Levine*
                                          SARA E. LEVINE
                                          Assistant United States Attorney
                                          VA Bar No. 98972
                                          601 D Street NW
                                          Washington, DC 20530
                                          sara.levine@usdoj.gov