UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>DOMINIC X. BOX,<br><br>    Defendant. | Criminal Action No. 22-413 (CKK) |

**ORDER**
(October 9, 2024)

Defendant Dominic X. Box was charged in Count One of the [63] Superseding Indictment with violating 18 U.S.C. §§ 1512(c)(2) and 2.  On May 23, 2024, Box moved to dismiss Count One.  Def.'s Mot., ECF No. 75.  The Court denied that motion, Order, ECF No. 81, and the parties proceeded to a stipulated trial, Minute Entry, June 18, 2024.  Before this Court rendered a verdict on that trial, the Supreme Court issued its opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024), limiting the scope of Section 1512.  And Box filed a [85-2] Motion for Reconsideration of this Court's earlier denial of his Motion to Dismiss in light of that change in governing law.

Without conceding any of Box's legal arguments, the Government informed the Court that it "believes it appropriate to move to dismiss Count One in the interests of judicial economy." Gov't Resp., ECF No. 95.  The Government argued that its "inten[tion] to dismiss Count One . . . renders the defendant's [Motion for Reconsideration] moot." *Id.*  And the Government requested that the Court render a verdict on Counts Two through Seven of the Superseding Indictment and proceed to sentencing, at which point the Government would move to dismiss Count One.  *Id.*

The Court held a teleconference on the record to discuss the status of Count One with the parties.  *See* Rough Teleconference Tr., Sept. 27, 2024 ("Rough").  During that teleconference, defense counsel argued that dismissal of Count One would affect this Court's judgment as to

Counts Two and Three—which charge violations of 18 U.S.C. § 231(a)(3)—because Section 231 requires "a predicate offense" and Count One is the only "other felony predicate." Rough at 11.

In response to an oral order, Box filed a [96] Notice expanding on this argument. There, Box does not argue that Section 231 requires a predicate felony offense. Instead, he argues for the first time that the Court should construe his Motion to Dismiss Count One as additionally requesting dismissal of *all* counts and that dismissal of Count One would prevent the Court from relying on the statement of facts under which Box stipulated to his guilt. Def.'s Notice, ECF No. 96 at 3–5, 7–8. The Court has now received the Government's [97] Response to that Notice.

The Court has reviewed the parties' arguments, the underlying authority, and the record of the parties' stipulations in this matter. The Court concludes that Box's arguments lack merit and that dismissal of Count One would not require dismissal of the other counts in the Superseding Indictment, to which Box has stipulated his guilt. The Court further concludes that it cannot deny as moot the pending [85-2] Motion for Reconsideration regarding Count One until the Government first dismisses Count One. Nor shall the Court enter judgment on Counts Two through Seven while the [85-2] Motion for Reconsideration remains pending. Accordingly, on or before OCTOBER 11, 2024, the Government shall either voluntarily dismiss Count One with prejudice so the Court can proceed to judgment on Counts Two through Seven or inform the Court of the reasons it does not intend to do so. If Count One is not dismissed prior to judgment, the Court may be required to rule on the pending [85-2] Motion for Reconsideration in due course.

**SO ORDERED**.

Date: October 9, 2024

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge